1
2
3
4
5
6
7

8               UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   NARISSA MELERO,                          Case No.  1:21-cv-01226-NONE-EPG

12              Plaintiff,                     SCREENING ORDER

13        v.                                   ORDER FOR PLAINTIFF TO:

14   GABRIEL RUIZ, et al.,                     (1) FILE A FIRST AMENDED COMPLAINT;

15              Defendants.                     (2) NOTIFY THE COURT THAT SHE
                                                    WISHES TO PROCEED ONLY ON HER
16                                                  FOURTEENTH AMENDMENT CLAIM
                                                    AGAINST DEFENDANT GABRIEL
17                                                  RUIZ; OR

18                                              (3) NOTIFY THE COURT THAT SHE
                                                    WISHES TO STAND ON HER
19                                                  COMPLAINT

20                                              (ECF No. 1)

21                                              THIRTY (30) DAY DEADLINE

22

23        Plaintiff Narissa Melero ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this

24   action. Plaintiff filed the complaint commencing this action on August 13, 2021. (ECF No. 1.)
     The complaint alleges claims against Gabriel Ruiz, Jose Vargas, and the County of Fresno Child

25   Protective Services related to the removal of Plaintiff's child. (*Id.*)

26        The Court finds that Plaintiff has stated a cognizable Fourteenth Amendment due process

27   claim against Defendant Ruiz. The Court finds that the complaint fails to state any other claims.

28

                                               1

Plaintiff now has options as to how to proceed. Plaintiff may file an amended complaint if she believes that additional facts would state additional claims. If Plaintiff files an amended complaint, the Court will screen that amended complaint in due course. Alternatively, Plaintiff may file a statement with the Court saying that she wants to go forward only on the claim found cognizable in this order. If Plaintiff files a statement that she wants to go forward only on this claim, the Court will authorize service of process on Defendant Ruiz and the case will proceed on the claim against this defendant. Finally, Plaintiff may file a statement with the Court saying that she wants to stand on this complaint and have it reviewed by a district judge, in which case the Court will issue findings and recommendations to a district judge consistent with this order.

However, the Court notes that Plaintiff's complaint is not signed. All filings submitted to the court must bear the signature of the filing party. *See* Fed. R. Civ. P. 11(a); E.D. Cal. L.R. 131. Therefore, if Plaintiff files a statement that she wants to go forward only on the claim found cognizable or files a statement saying that she wants to stand on this complaint, the Court will direct Plaintiff to lodge a signed copy of her complaint. Likewise, if Plaintiff chooses to amend her complaint, Plaintiff is reminded that she must sign the amended complaint.

## I.    SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens this complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681

2

(9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

## II.     ALLEGATIONS IN THE COMPLAINT

The complaint names Gabriel Ruiz, Jose Vargas, and County of Fresno Child Protective Services as defendants. Plaintiff alleges as follows:[1]

Around April/May of 2021, the defendants wrongfully and fraudulently took Plaintiff's child from her without justification under the false premise that Plaintiff was under the influence of narcotics. Plaintiff took CPS to trial and they lost, yet the defendants continue to deprive Plaintiff of access to her children and are even going as far as to place the child up for adoption, which is against Plaintiff's civil rights. Plaintiff has not engaged in any conduct that would warrant this action to be taken against her and yet the defendants are using false and fraudulent pretenses to disadvantage Plaintiff. Defendants are using legalese and prejudice to preclude the Plaintiff from a reasonable opportunity to defend herself from the instant due process violations.

Plaintiff's five-month-old son is still in foster care despite the defendants lying and saying Plaintiff had meth in her system without any proof of the same. This was taken to trial and CPS lost. Plaintiff even went to school in a program for parenting classes and has completed the same. Plaintiff's mother is a probation of youth officer for CPS and even the manager tried to resolve the issue to no avail. The social worker hasn't communicated with Plaintiff in four months. The foster parents have the child in sweatpants when its 98 degrees outside. They do not even have clothes for him and they never use the clothes Plaintiff buys. Also, the care provider kept Plaintiff's son in the van with no windows down or AC while at CVS which is tantamount to child abuse. A video surfaced where the foster parent almost drops the child physically because they were carrying them in a negligent and reckless manner. The child has bruises and scratches on their person.

---

[1] Portions of the text in Plaintiff's complaint are cut off or obscured. (*See* ECF No. 1 at 4.) The following summary includes the allegations that are legible.

1    The complaint attaches several exhibits, including medical records, a handwritten letter, a

2    certificate of completion for the Fresno Family Connections Parenting Program, and

3    correspondence with social worker Gabriel Ruiz.

4    **III.    SECTION 1983**

5    The Civil Rights Act under which this action was filed provides:

6    > Every person who, under color of any statute, ordinance, regulation, custom, or
     > usage, of any State or Territory or the District of Columbia, subjects, or causes to

7    > be subjected, any citizen of the United States or other person within the
     > jurisdiction thereof to the deprivation of any rights, privileges, or immunities

8    > secured by the Constitution and laws, shall be liable to the party injured in an
     > action at law, suit in equity, or other proper proceeding for redress....

9

10   42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely

11   provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490

12   U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also*

13   *Chapman v. Houston Welfare Rights Org*., 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*,

14   697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012);

15   *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

16   To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under

17   color of state law, and (2) the defendant deprived him of rights secured by the Constitution or

18   federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh*

19   *v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state

20   law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he

21   does an affirmative act, participates in another's affirmative act, or omits to perform an act which

22   he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler*

23   *II v. Clark Cnty. Sch. Bd. of Trs*., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*,

24   588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an

25   official sets in motion a 'series of acts by others which the actor knows or reasonably should

26   know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183

27   (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard

28   'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d

1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

## IV.    ANALYSIS OF PLAINTIFF'S CLAIMS

### A.    Due Process

Parents have a constitutionally protected liberty interest in the care and custody of their children. *Santosky v. Kramer*, 455 U.S. 745, 753 (1982). "A parent's desire for and right to 'the companionship, care, custody and management of his or her children' is an important interest that 'undeniably warrants deference and, absent a powerful countervailing interest, protection."

*Lassiter v. Dep't of Soc. Servs. of Durham Cty., N. C.*, 452 U.S. 18, 27 (1981) (quoting *Stanley v. Illinois*, 405 U.S. 645, 651 (1972)); *accord Kelson v. City of Springfield*, 767 F.2d 651, 655 (9th Cir. 1985). Indeed, "the constitutional right of parents and children to live together without governmental interference is clearly established." *Mabe v. San Bernardino County, Dept. of Public Soc. Services,* 237 F.3d 1101, 1107 (9th Cir.2001); *see also Ram v. Rubin,* 118 F.3d 1306, 1311 (9th Cir.1997).

The right to familial association has both a substantive and a procedural component *Keates v. Koile*, 883 F.3d 1228, 1236 (9th Cir. 2018) "While the right is a fundamental liberty interest, officials may interfere with the right if they [fail to] provide the parents with fundamentally fair procedures[.]" *Keates*, 883 F.3d at 1236 (internal citations omitted); *see also Kirkpatrick v. Cty. of Washoe*, 843 F.3d 784, 789 (9th Cir. 2016) (quoting *Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 1999)) (reasoning that the Fourteenth Amendment guarantees "that parents and children will not be separated by the state without due process of law except in an emergency").

However, the constitutional liberty interest in the maintenance of the familial relationship is not absolute and "[t]he interest of the parents must be balanced against the interests of the state and, when conflicting, against the interests of the children." *Woodrum v. Woodward Cty., Okl.*, 866 F.2d 1121, 1125 (9th Cir. 1989). Officials may remove children from their parents without a court order if they have "information at the time of the seizure that establishes reasonable cause to believe that the child is in imminent danger of serious bodily injury.'" *Keates*, 883 F.3d at 1236 (quoting *Rogers v. County of San Joaquin*, 487 F.3d 1288, 1294 (9th Cir. 2007)); *see also Caldwell v. LeFaver*, 928 F.2d 331, 333 (9th Cir. 1991) (reasoning that a state agency may remove children from their parents' custody in an emergency situation if the children are subject to immediate or apparent danger or harm). Thus, the "Fourteenth Amendment's guarantee" is only "that parents and children will not be separated by the state without due process of law except in an emergency." *Mabe,* 237 F.3d at 1106.

In order to state a claim under the Due Process Clause, it is not enough to allege that a state actor interfered with the familial relationship. *Woodrum*, 866 F.2d at 1125. "[M]ere negligence or lack of due care by state officials in the conduct of their duties does not trigger the

substantive due process protections of the Fourteenth Amendment and therefore does not state a claim under section 1983." *Woodrum,* 866 F.2d at 1126 (citing *Daniels v. Williams,* 474 U.S. 327, 330–32 (1986); *Davidson v. Cannon,* 474 U.S. 344, 347 (1986)). The Supreme Court has stated that the question remains open as to "whether something less than intentional conduct, such as recklessness or gross negligence, is enough to trigger the protections of the Due Process Clause." *Daniels,* 474 U.S. at 334 n.3.

### 1.   Gabriel Ruiz and Jose Vargas

Plaintiff alleges that her child was taken under the false premise that Plaintiff was under the influence of narcotics and without any proof. Plaintiff has not engaged in any conduct that would warrant this action. Plaintiff's son is still in foster care even though CPS lost at trial. The social worker has not communicated with Plaintiff in four months. Plaintiff alleges that Defendant Gabriel Ruiz was the case worker and attaches correspondence with Defendant Ruiz showing his involvement. The Court finds that, construed liberally, Plaintiff's allegations state a cognizable Fourteenth Amendment due process violation against Defendant Ruiz for purposes of screening.[2]

However, Plaintiff does not allege any facts showing what Defendant Jose Vargas did or did not do. The Court therefore finds that the complaint fails to state a cognizable claim against Defendant Vargas. If Plaintiff chooses to amend her complaint, she should describe what each defendant, including Defendant Vargas, did or did not do to violate her rights.

### 2.   Fresno County Child Protective Services

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694. Instead, a governmental entity may be held liable under § 1983 only where a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights. *Id*. ("Instead, it is when execution of a

---

[2] Plaintiff alleges that a trial against CPS went in her favor. Under the *Rooker-Feldman* doctrine, a party may not seek appellate review in federal court of a decision made by a state court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). A district court lacks jurisdiction over "claims . . . 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (citing *Feldman*, 460 U.S. at 483, 485) It is possible that this case may be stayed or dismissed to the extent the issues in this case are proceeding in state court. However, for the purposes of screening, the Court will allow Plaintiff's Fourteenth Amendment claim against Defendant Ruiz to proceed.

government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.").

To state a claim for governmental entity liability under § 1983, a plaintiff must allege facts demonstrating "(1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (internal quotation marks and citation omitted; alterations in original).

Although Plaintiff names the Fresno County Child Protective Services as a defendant, she has not alleged that any official policy or custom caused her injury. If Plaintiff chooses to file an amended complaint and is claiming that the violation of her constitutional rights is the result of an official policy, she must include facts in her amended complaint showing that she was deprived of a constitutional right; that the governmental entity has a policy; that this policy is deliberately indifferent to Plaintiff's constitutional rights; and that the policy is the reason or "moving force" behind the violation of Plaintiff's constitutional rights. Plaintiff should describe the policy and identify which defendants were responsible for implementing the policy.

**V.     CONCLUSION AND ORDER**

The Court has screened Plaintiff's complaint and finds that, for screening purposes, it states a cognizable Fourteenth Amendment due process claim against Defendant Ruiz. The Court finds that Plaintiff fails to state any other cognizable claims.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint, so that Plaintiff can provide additional factual allegations. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days.

If Plaintiff chooses to amend her complaint, in her amended complaint she must state what each named defendant did that led to the deprivation of her constitutional or other federal rights.

Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although she has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff has choices on how to proceed. Plaintiff may file an amended complaint if she believes that additional facts would state additional claims. If Plaintiff files an amended complaint, the Court will screen that amended complaint in due course. Alternatively, Plaintiff may file a statement with the Court saying that she wants to go forward only on the claim found cognizable in this order. If Plaintiff files a statement that she wants to go forward only on this claim, the Court will authorize service of process on Defendant Ruiz and the case will proceed on the claim against this defendant. Finally, Plaintiff may file a statement with the Court saying that she wants to stand on this complaint and have it reviewed by a district judge, in which case the Court will issue findings and recommendations to a district judge consistent with this order.

If Plaintiff files a statement that she wants to go forward only on the claim found cognizable or files a statement saying that she wants to stand on this complaint, Plaintiff must lodge a signed copy of her complaint. Likewise, if Plaintiff elects to amend her complaint, Plaintiff is reminded that she must sign the amended complaint.

Based on the foregoing, it is **HEREBY ORDERED** that:

1.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:

a.   File a First Amended Complaint;

b.   Notify the Court in writing that she wishes to proceed only on her Fourteenth Amendment due process claim against Defendant Ruiz; or

c.   Notify the Court in writing that she wants to stand on this complaint;

2.   If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint," refer to case number 1:21-cv-01226-NONE-EPG, and sign the First Amended Complaint;

3.   If Plaintiff files a statement that she either wants to proceed on the claim found cognizable or wants to stand on this complaint, Plaintiff shall also lodge a signed copy of her complaint; and

4.   <u>Failure to comply with this order may result in the dismissal of this action.</u>

IT IS SO ORDERED.

Dated:   **October 19, 2021**                         /s/ _Erica P. Grosjean_

UNITED STATES MAGISTRATE JUDGE