1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11    NARISSA MELERO,                        Case No. 1:21-cv-01226-NONE-EPG

12                   Plaintiff,              FINDINGS AND RECOMMENDATIONS
                                             RECOMMENDING THAT THIS ACTION BE
13          v.                               DISMISED WITHOUT PREJUDICE FOR
                                             FAILURE TO PROSECUTE AND FAILURE
14    GABRIEL RUIZ, et al.,                  TO COMPLY WITH A COURT ORDER

15                   Defendants.             (ECF Nos. 1, 6)

16                                           OBJECTIONS, IF ANY, DUE WITHIN
                                             FOURTEEN DAYS
17

18    **I.     BACKGROUND**

19          Plaintiff Narissa Melero ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this

20    action. Plaintiff filed a complaint on August 13, 2021. (ECF No. 1.) The complaint alleges claims

21    against Gabriel Ruiz, Jose Vargas, and the County of Fresno Child Protective Services related to

22    the removal of Plaintiff's child. (*Id.*)

23          On October 19, 2021, the Court entered an order screening Plaintiff's complaint and found

24    that it stated a cognizable Fourteenth Amendment due process claim against Defendant Ruiz but

25    failed to state any other claims. (ECF No. 6.) The Court gave Plaintiff thirty days from the date of

26    service of the order to file an amended complaint, notify the Court that she wants to go forward

27    only on the claim found cognizable, or notify the Court that she wants to stand on his complaint.

28    (*Id.* at 9-10.) Because the complaint was not signed, the Court also directed Plaintiff to either

                                             1

lodge a signed copy of her complaint or sign any amended complaint. (*Id.* at 10.) The Court warned Plaintiff that "[f]ailure to comply with this order may result in the dismissal of this action." (*Id.*)

The thirty-day period has expired, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order. Accordingly, for the reasons described below, the Court will recommend that Plaintiff's case be dismissed for failure to comply with a court order and failure to prosecute.

## II.    SUMMARY OF PLAINTIFF'S COMPLAINT

The complaint names Gabriel Ruiz, Jose Vargas, and County of Fresno Child Protective Services as defendants. Plaintiff alleges as follows:[1]

Around April/May of 2021, the defendants wrongfully and fraudulently took Plaintiff's child from her without justification under the false premise that Plaintiff was under the influence of narcotics. Plaintiff took CPS to trial and they lost, yet the defendants continue to deprive Plaintiff of access to her children and are even going as far as to place the child up for adoption, which is against Plaintiff's civil rights. Plaintiff has not engaged in any conduct that would warrant this action to be taken against her and yet the defendants are using false and fraudulent pretenses to disadvantage Plaintiff. Defendants are using legalese and prejudice to preclude the Plaintiff from a reasonable opportunity to defend herself from the instant due process violations.

Plaintiff's five-month-old son is still in foster care despite the defendants lying and saying Plaintiff had meth in her system without any proof of the same. This was taken to trial and CPS lost. Plaintiff even went to school in a program for parenting classes and has completed the same. Plaintiff's mother is a probation of youth officer for CPS and even the manager tried to resolve the issue to no avail. The social worker hasn't communicated with Plaintiff in four months. The foster parents have the child in sweatpants when its 98 degrees outside. They do not even have clothes for him and they never use the clothes Plaintiff buys. Also, the care provider kept Plaintiff's son in the van with no windows down or AC while at CVS which is tantamount to child abuse. A video surfaced where the foster parent almost drops the child physically because

---

[1] Portions of the text in Plaintiff's complaint are cut off or obscured. (See ECF No. 1 at 4.) The following summary includes the allegations that are legible.

they were carrying them in a negligent and reckless manner. The child has bruises and scratches on their person.

The complaint attaches several exhibits, including medical records, a handwritten letter, a certificate of completion for the Fresno Family Connections Parenting Program, and correspondence with social worker Gabriel Ruiz.

### III.   FAILURE TO PROSECUTE AND COMPLY WITH A COURT ORDER

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." *Pagtalunan*, 291 at 639. Plaintiff has failed to respond to the Court's screening order. This failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* at 642 (citing *Yourish,* 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in*

*forma pauperis* status, monetary sanctions are of little use. And, given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Additionally, the Court recommends dismissal without prejudice. Because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.

## IV.     CONCLUSION AND RECOMMENDATIONS

The Court screened Plaintiff's complaint and found that it stated a cognizable Fourteenth Amendment due process claim against Defendant Ruiz but otherwise fails to state any other claims. The Court previously provided Plaintiff with relevant legal standards and leave to amend her complaint to cure these deficiencies. (ECF No. 6.) Alternatively, Plaintiff was provided an opportunity to either notify the Court that she wishes to proceed on the claim found cognizable in the screening order or that she wants to stand on her complaint. However, the deadline for Plaintiff to respond to the screening order has passed and Plaintiff has not filed an amended complaint, responded to the Court's screening order, or otherwise prosecuted this action. Accordingly, the Court recommends that this action be dismissed without prejudice for failure to prosecute and failure to comply with a court order.

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. This action be dismissed without prejudice for failure to prosecute and failure to comply with a court order; and

2. The Clerk of Court be directed to assign a district judge for the purpose of closing this case and then to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 13, 2021**                    /s/ _Erica P. Grosjean_

UNITED STATES MAGISTRATE JUDGE